Jeffrey J. Barber
Barber & Banker, LLC
Attorneys for Karen Barsanti
821 N St., Suite 103
Anchorage, Alaska
(907) 276-5858

Neil T. O'Donnell, Esq.
ATKINSON, CONWAY & GANGON
Attorneys for Karen Barsanti
420 L St., Suite 500
Anchorage, AK 99501-1968
(907) 276-1700

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| KAREN BARSANTI, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| ALLSTATE INSURANCE COMPANY, | ) ) ) |
| Defendant. | ) ) |

Case No. 3AN-12-5917 CI

## COMPLAINT

COMES NOW the plaintiff, KAREN BARSANTI, by and through her attorneys, and for her complaint against defendant ALLSTATE INSURANCE COMPANY, does state and allege as follows:

Barsanti v Allstate Insurance Co.,
2677 / 01 COMPLAINT
Page 1

EXHIBIT A
Page 1 of 7

1. At all times material hereto, Karen Barsanti was and is a resident of Anchorage, Alaska.

2. At all times material hereto, Allstate Insurance Company (hereinafter "Allstate") was and is an insurance company doing business in the State of Alaska subject to the jurisdiction of this court.

3. Allstate is liable for the actions and/or failures to act of its employees under theories of vicarious liability and/or agency and/or respondeat superior.

4. On 9/14/08, Ms. Barsanti was injured in an auto collision caused by the negligence and recklessness of an underinsured drunk driver.

5. On 12/21/09, Ms. Barsanti triggered an underinsured motorist (UIM) bodily injury (BI) claim with Allstate when the tortfeasor's insurer agreed to pay its $50,000 liability bodily injury policy limit with interest, partial attorney fees, and costs.

6. On 3/2/10, Ms. Barsanti properly submitted her UIM BI claim to Allstate.

7. Ms. Barsanti's UIM BI claim is a first-party claim.

8. Allstate had an obligation to promptly, fairly and objectively investigate Ms. Barsanti's UIM BI claim.

9. Allstate had an obligation to pay Ms. Barsanti an equitable amount

Barsanti v Allstate Insurance Co.,
2677 / 01 COMPLAINT
Page 2

EXHIBIT A
Page 2 of 7

Case 3:12-cv-00074-SLG   Document 1-2   Filed 04/05/12   Page 2 of 7

to compensate her for her UIM BI damages.

10. Allstate had an obligation to treat Ms. Barsanti's interests with equal regard as its own interests when handling her UIM BI claim.

11. On 9/7/10, Allstate concluded its investigation of Ms. Barsanti's UIM BI claim.

12. Allstate offered Ms. Barsanti $1,500 for her UIM BI claim on 9/7/10.

13. Allstate required Ms. Barsanti to submit to an arbitration proceeding if she disputed Allstate's "take it or litigate" evaluation of her UIM BI claim.

14. Allstate was aware that Ms. Barsanti would incur unnecessary delay and expenses in order to proceed through arbitration.

15. In the ten years before 9/7/10, the majority of Allstate's Uninsured (UM) and UIM BI Alaska arbitration hearings took place longer than a year after its insured requested arbitration.

16. Arbitration decisions regarding damages in UM and UIM BI claims are fair and reasonable.

17. Allstate has never conducted a trial de novo in an Alaska court on a UM or UIM BI claim after an arbitration decision was rendered in that UM or UIM BI claim.

Barsanti v Allstate Insurance Co.,
2677 / 01 COMPLAINT
Page 3

rber & Banker, LLC
ATTORNEYS AT LAW
1 'N' Street, Suite 103
Anchorage, Alaska 99501
phone (907) 276-5858
Fax (907) 276-5817

EXHIBIT A
Page 3 of 7
Case 3:12-cv-00074-SLG   Document 1-2   Filed 04/05/12   Page 3 of 7

18. When it adjusts UM and UIM BI claims in Alaska, Allstate should attempt to determine the same amount of bodily injury damage that a UM/UIM BI arbitration panel would determine.

19. It would be unreasonable for Allstate to engage in a pattern or practice of offering UM/UIM BI claimants less than the amounts ultimately found by arbitration panels in Alaska for those claims.

20. Allstate has a history, pattern and practice of undervaluing UM and UIM claims, forcing injured insureds to arbitration, and the arbitrators finding damages far higher than Allstate's best (or only) offer.

21. Allstate has an obligation to review its arbitration results in UM and UIM BI claims to ensure that it is has not engaged in a pattern or practice of compelling insureds to litigate for recovery of amounts due under its policies by offering substantially less than the amounts ultimately recovered in actions brought by those insureds.

22. Allstate failed to fairly, reasonably and objectively evaluate Ms. Barsanti's claims, injuries and damages.

23. Allstate failed to reasonably review and consider its arbitration results in UM/UIM BI claims in Alaska when it offered $1,500 to Ms. Barsanti.

24. On 7/12/11, the arbitration panel in Ms. Barsanti's case determined that her bodily injury damages were $179,476.91.

rber & Banker, LLC
TTORNEYS AT LAW
1 'N' Street, Suite 103
chorago, Alaska 99501
phone (907) 276-5858
Fax (907) 276-5817

Barsanti v Allstate Insurance Co.,
2677 / 01 COMPLAINT
Page 4

EXHIBIT A
Page 4 of 7

Case 3:12-cv-00074-SLG  Document 1-2  Filed 04/05/12  Page 4 of 7

25. On 7/14/11, Allstate determined that its UIM BI damage owed to Ms. Barsanti was $65,065.39 based on the arbitration panel's decision.

26. Before the arbitration, Allstate never offered to pay Ms. Barsanti more than $1,500 for her UIM BI claim.

27. Ms. Barsanti's damages as fixed by the arbitrators were 11,965% higher than the amount offered by Allstate.

28. Ms. Barsanti's Allstate UIM damage as fixed by the arbitrators was more than 43 times the amount of Allstate's highest offer before the arbitration.

29. Allstate knew or should have known that the $1,500 it offered Ms. Barsanti was substantially less than the amount she would likely recover for her UIM BI claim following arbitration.

30. When Allstate offered $1,500 to Ms. Barsanti, it had a highly structured claims handling process which it used to systematically undervalue and underpay claims. This system included what Allstate calls its "Claims Core Process Redesign" (CCPR) procedures and a claims evaluation computer called "Colossus."

31. Allstate applied its CCPR system to undervalue Ms. Barsanti's UIM BI claim and force her to litigate to recover the policy benefits she paid for and the policy promised.

32. Allstate utilized "Colossus" to undervalue Ms. Barsanti's UIM BI claim.

Barsanti v Allstate Insurance Co.,
2677 / 01 COMPLAINT
Page 5

EXHIBIT A
Page 5 of 7

Case 3:12-cv-00074-SLG   Document 1-2   Filed 04/05/12   Page 5 of 7

33. Allstate's process of systematically "low-balling" claims and delaying payment through forced arbitration are part of Allstate's intentional plan, practice and scheme to put claimants to the choice of receiving prompt but unjustly low settlement offers (what Allstate calls its "Good Hands" treatment) or delayed payment and aggressive litigation (what Allstate calls its "Boxing Gloves" treatment).

34. Allstate has publicly stated that its claims system is intentionally designed to "drive down injury values."

35. Allstate systematically undervalues claims for the purpose of providing financial gain to the corporation at the expense of Allstate's insureds.

36. Allstate inflicted its bad faith claims handling system on Ms. Barsanti thereby depriving her of the fair claim handling and insurance benefits that she had paid for, and to which she was entitled under her policy.

37. Allstate's conduct caused Ms. Barsanti damages including economic harm, delay damages, economic disruption, inconvenience, arbitration expenses, mental distress, pain and suffering, and the loss of the value of the fair claim handling and insurance benefits of her insurance policy.

38. Allstate is liable to Ms. Barsanti for breach of the covenant of good faith and fair dealing.

39. Allstate's conduct evidenced reckless disregard to Ms. Barsanti's

rber & Banker, LLC
ATTORNEYS AT LAW
1 'N' Street, Suite 103
chorage, Alaska 99501
phone (907) 276-5858
Fax (907) 276-5817

Barsanti v Allstate Insurance Co.,
2677 / 01 COMPLAINT
Page 6

EXHIBIT A
Page 6 of 7

Case 3:12-cv-00074-SLG   Document 1-2   Filed 04/05/12   Page 6 of 7

interests.

40. Allstate's conduct was outrageous and/or in reckless disregard of Ms. Barsanti's interests.

41. Allstate is liable for punitive damages.

WHEREFORE, having fully pled her complaint, Ms. Barsanti requests a judgment against Allstate for compensatory damages in an amount greater than $100,000.00 and punitive damages in an amount to be determined by the trier of fact, plus interest, costs and attorney fees and such other relief as the court deems just.

DATED at Anchorage, Alaska this 12 day of March, 2012.

BARBER & Banker, LLC
Attorneys for Plaintiff

By: _____
Jeffrey Barber
ABA No. 0111058

rber & Banker, LLC
ATTORNEYS AT LAW
1 'N' Street, Suite 103
:horage, Alaska 99501
iphone (907) 276-5858
Fax (907) 276-5817

Barsanti v Allstate Insurance Co.,
2677 / 01 COMPLAINT
Page 7

EXHIBIT A
Page 7 of 7

Case 3:12-cv-00074-SLG   Document 1-2   Filed 04/05/12   Page 7 of 7