Gary A. Zipkin
Christina A. Rankin
Guess & Rudd P.C.
510 L Street, Suite 700
Anchorage, Alaska 99501
(907) 793-2200 Telephone
(907) 793-2299 Facsimile
E-mail:  gzipkin@guessrudd.com
          crankin@guessrudd.com

Attorneys for Allstate Insurance Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| KAREN BARSANTI, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:12-cv-00074-SLG |
| | ) | |
| ALLSTATE INSURANCE COMPANY, | ) | ALLSTATE'S ANSWER |
| | ) | TO COMPLAINT |
| Defendant. | ) | |
| | ) | |

Defendant Allstate Insurance Company ("Allstate"), by and through its attorneys, Guess & Rudd P.C., hereby answers plaintiff's Complaint paragraph by paragraph as follows:

1. Allstate lacks information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 1, and therefore denies the same.

2. Allstate admits the allegations contained in paragraph 2.

Answer
Barsanti v. Allstate, Case No. 3:12-cv-00074-SLG
Page 1 of 9
Case 3:12-cv-00074-SLG   Document 9   Filed 05/02/12   Page 1 of 9

3. The allegations contained in paragraph 3 set forth legal conclusions as opposed to factual allegations, and therefore no response is required. To the extent that a response may be required, those allegations are denied because plaintiff has failed to set forth the correct legal standard.

4. In response to the allegations contained in paragraph 4, Allstate admits only that Ms. Barsanti was involved in a motor vehicle accident on September 14, 2008. Allstate lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 4 and therefore denies the same.

5. In response to the allegations contained in paragraph 5, upon information and belief, Allstate admits that at some time in 2009 Ms. Barsanti was paid the facial limits of the tortfeasor's policy.

6. In response to the allegations contained in paragraph 6, Allstate admits that, on or before March 2, 2010, it opened a UIM claim for Ms. Barsanti.

7. The allegations contained in paragraph 7 set forth legal conclusions as opposed to factual allegations, and therefore no response is required. To the extent that a response may be required, the allegations are admitted.

8. The allegations contained in paragraph 8 set forth legal conclusions as opposed to factual allegations, and therefore no response is required. To the extent that a response may be required, those allegations are denied because plaintiff has failed to set forth the correct legal standard.

Answer
Barsanti v. Allstate, Case No. 3:12-cv-00074-SLG
Page 2 of 9
Case 3:12-cv-00074-SLG   Document 9   Filed 05/02/12   Page 2 of 9

9. The allegations contained in paragraph 9 set forth legal conclusions as opposed to factual allegations, and therefore no response is required. To the extent that a response may be required, those allegations are denied because plaintiff has failed to set forth the correct legal standard.

10. The allegations contained in paragraph 10 set forth legal conclusions as opposed to factual allegations, and therefore no response is required. To the extent that a response may be required, those allegations are denied because plaintiff has failed to set forth the correct legal standard.

11. Allstate denies the allegations contained in paragraph 11.

12. Allstate admits the allegations contained in paragraph 12. However, to the extent paragraph 12 alleges or implies that Allstate's offer was wrongful or improper, denied.

13. Allstate denies the allegations contained in paragraph 13.

14. Allstate denies the allegations contained in paragraph 14.

15. Allstate lacks information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 15, and therefore denies the same.

16. Allstate denies the allegations contained in paragraph 16.

17. Allstate lacks information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 17, and therefore denies the same.

18. Allstate denies the allegations contained in paragraph 18.

Answer
Barsanti v. Allstate, Case No. 3:12-cv-00074-SLG
Page 3 of 9
Case 3:12-cv-00074-SLG   Document 9   Filed 05/02/12   Page 3 of 9

19. The allegations contained in paragraph 19 set forth legal conclusions as opposed to factual allegations, and therefore no response is required. To the extent that a response may be required, those allegations are denied because plaintiff has failed to set forth the correct legal standard.

20. Allstate denies the allegations contained in paragraph 20.

21. The allegations contained in paragraph 21 set forth legal conclusions as opposed to factual allegations, and therefore no response is required. To the extent that a response may be required, those allegations are denied because plaintiff has failed to set forth the correct legal standard.

22. Allstate denies the allegations contained in paragraph 22.

23. Allstate denies the allegations contained in paragraph 23.

24. Allstate denies the allegations contained in paragraph 24.

25. Allstate denies the allegations contained in paragraph 25.

26. Allstate admits the allegations contained in paragraph 26. However, to the extent paragraph 26 alleges or implies that Allstate's offer was wrongful or improper, denied.

27. Allstate denies the allegations contained in paragraph 27.

28. Allstate admits the allegations contained in paragraph 28. However, to the extent paragraph 28 alleges or implies that Allstate's offer was wrongful or improper, denied.

Answer
Barsanti v. Allstate, Case No. 3:12-cv-00074-SLG
Page 4 of 9
Case 3:12-cv-00074-SLG   Document 9   Filed 05/02/12   Page 4 of 9

29. Allstate denies the allegations contained in paragraph 29.

30. In response to the allegations contained in paragraph 30, Allstate admits that it utilizes certain "Claims Core Process Redesign" procedures, as modified and updated from time to time, in connection with the adjustment of personal injury claims. In addition, a computer program known as Colossus may be used as a tool in evaluating general damages in certain types of personal injury claims, including certain underinsured motorist claims. Allstate denies the remaining allegations contained in paragraph 30.

31. Allstate denies the allegations contained in paragraph 31.

32. Allstate denies the allegations contained in paragraph 32.

33. Allstate denies the allegations contained in paragraph 33.

34. In response to the allegations contained in paragraph 34, Allstate admits that there is a document prepared in connection with a financial analyst presentation during the mid-1990s, where an Allstate executive made a reference to driving down injury values, which plaintiff has deliberately taken out of context. The statement appears in a document together with describing the impact of CCPR as, among other things, "Improvement of Claimant and Customer Satisfaction and Loyalty," and as improving claimant satisfaction levels as a result of "Making Fair, Early Settlements." The statement was never intended to suggest, nor did it suggest, that Allstate should pay

Answer
Barsanti v. Allstate, Case No. 3:12-cv-00074-SLG
Page 5 of 9
Case 3:12-cv-00074-SLG   Document 9   Filed 05/02/12   Page 5 of 9

less than fair compensation for an injury, or less than it was contractually obligated to pay.

  35. Allstate denies the allegations contained in paragraph 35.

  36. Allstate denies the allegations contained in paragraph 36.

  37. Allstate denies the allegations contained in paragraph 37.

  38. Allstate denies the allegations contained in paragraph 38.

  39. Allstate denies the allegations contained in paragraph 39.

  40. Allstate denies the allegations contained in paragraph 40.

  41. Allstate denies the allegations contained in paragraph 41.

## Affirmative Defenses

  1. Ms. Barsanti has failed to state a cause of action upon which relief can be granted.

  2. Plaintiff's damages were caused, in whole or in part, by the negligence of plaintiff and/or plaintiff's agents and representatives, such that the doctrine of comparative negligence must be applied and fault allocated pursuant to AS 09.17.080, et seq.

  3. Plaintiff's claims are limited and subject to the provisions of AS 09.17.010 and 09.17.020.

  4. Actions seeking the imposition of punitive damages are essentially criminal in nature and entitles answering defendant to the rights given to a defendant in a

Answer
Barsanti v. Allstate, Case No. 3:12-cv-00074-SLG
Page 6 of 9
Case 3:12-cv-00074-SLG   Document 9   Filed 05/02/12   Page 6 of 9

criminal proceeding under the Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution and Art. 1, §§ 1, 7, 9, and 12 of the Alaska Constitution. Procedures in a civil action such as the present action which deny such rights to a defendant include, among other things (1) permitting proof of the factual predicate for imposition of punitive damages by less than proof beyond a reasonable doubt, and (2) permitting a jury verdict by less than a unanimous vote.

5. The imposition of punitive damages constitutes a denial of due process and equal protection of the laws in violation of the Fifth and Fourteenth Amendments of the United States Constitution and Art. 1, §§ 1 and 7 of the Alaska Constitution.

6. The imposition of punitive damages violates rights guaranteed under the Fifth, Eighth and Fourteenth Amendments of the United States Constitution and Art. 1, §§ 1, 7, and 12 of the Alaska Constitution by, among other things, not limiting the discretion of the trier of fact as to the amount of punitive damages which may be awarded.

7. The imposition of punitive damages is impermissibly vague, imprecise and inconsistent and therefore in violation of answering defendants' rights guaranteed under the Fifth and Fourteenth Amendments of the United States Constitution and Art. 1, §§ 1 and 7 of the Alaska Constitution.

Answer
Barsanti v. Allstate, Case No. 3:12-cv-00074-SLG
Page 7 of 9
Case 3:12-cv-00074-SLG   Document 9   Filed 05/02/12   Page 7 of 9

8. Defendant's alleged acts, conduct or omissions were lawful, privileged, or justified and done in good faith.

9. Defendant is entitled to an offset for any amounts paid by Allstate and other insurers to compensate plaintiff for any damages incurred in the subject accident.

10. Defendant reserves the right to assert additional affirmative defenses following a reasonable period of discovery.

WHEREFORE, having answered plaintiff's Complaint, Allstate prays for the following relief:

A. That plaintiff recover nothing from Allstate and that plaintiff's Complaint be dismissed with prejudice;

B. That, in the event that plaintiff recovers a judgment as against Allstate, the judgment be limited to the amount of plaintiff's damages which have been properly mitigated and further limited to the percentage of the total fault which has been properly allocated to Allstate;

C. That Allstate recover its costs and attorney's fees incurred in the defense of this action; and

D. That Allstate be awarded such other and additional relief as this court deems just and proper.

Answer
Barsanti v. Allstate, Case No. 3:12-cv-00074-SLG
Page 8 of 9
Case 3:12-cv-00074-SLG   Document 9   Filed 05/02/12   Page 8 of 9

DATED at Anchorage, Alaska, this 2nd day of May, 2012.

GUESS & RUDD P.C.
Attorneys for Allstate Insurance Company

By:   s/ Gary A. Zipkin
     Guess & Rudd P.C.
     510 L Street, Suite 700
     Anchorage, Alaska 99501
     Phone: (907) 793-2200
     Fax: (907) 793-2299
     Email: gzipkin@guessrudd.com
     Alaska Bar No. 7505048

CERTIFICATE OF SERVICE
I hereby certify that on the 2nd day of
May, 2012, a copy of the foregoing document
was electronically served on:

Jeffrey J. Barber, Esq.
Neil T. O'Donnell, Esq.

By: /s/ Gary A. Zipkin

F:\DATA\6297\1\Pleadings\10 Asnwer.doc

Answer
Barsanti v. Allstate, Case No. 3:12-cv-00074-SLG
Page 9 of 9
Case 3:12-cv-00074-SLG   Document 9   Filed 05/02/12   Page 9 of 9