Jeffrey J. Barber, Esq.
Barber & Sims LLC
Attorneys for Karen Barsanti
821 N Street, Suite 103
Anchorage, Alaska 99501
Tel: (907) 276-5858
Fax: (907) 276-5817
jeffb@alaskainjury.com

Neil T. O'Donnell, Esq.
ATKINSON, CONWAY & GAGNON
Attorneys for Karen Barsanti
420 L Street, Suite 500
Anchorage, Alaska 99501-1968
Phone: (907) 276-1700
Fax: (907) 272-2082
acgecf@acglaw.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KAREN BARSANTI, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ALLSTATE INSURANCE COMPANY, )<br>)<br>Defendant. )<br>_____) | Case No. 3:12-cv-00074-SLG |

## PROPOSED CONFIDENTIALITY ORDER

Documents produced by Allstate Insurance Company containing trade secret, managerial, and any and all other proprietary or confidential information (hereinafter referred to as "Confidential Information"), and all information contained in such documents, shall not be used, shown, disseminated, copied (including xerox copying of any

specific portions of any such document), or in any way communicated to anyone for any purpose whatsoever, other than as required for the preparation and trial of this action. Except as provided below, Confidential Information shall be kept confidential from all persons and may not be used by plaintiff's counsel in any other action involving Allstate;

      1.    Any document Allstate produces and which Allstate believes or maintains contains or reveals Confidential Information shall be copied with a protective watermark stating that the document is confidential, and produced pursuant to a confidentiality order in <u>Karen Barsanti v. Allstate Insurance Company</u>, 3:12-cv-00074-SLG

      2.    The Confidential Information shall not be shown to anyone without the written consent of Allstate, or upon further order of this court, with the following exceptions:

      (a)    The parties in this action and their counsel of record in this action;

      (b)    Employees of counsel of record assigned to and necessary to assist counsel in the preparation of trial in this action;

      (c)    Independent experts and consultants retained by counsel in this action retained to consult with said counsel and/or to testify at trial, provided that no such disclosure shall be made to any person employed by any competitor of Allstate, except upon further order of this court;

      (d)    Witnesses who are deposed in this action, subject to the provisions of paragraph 5, below.

3. Before being given access to any Confidential Information, any person described in Section 3 above, to whom plaintiff intends to show, deliver, or disseminate information from Confidential Information, shall be advised of the terms of this stipulation, shall be given a copy of this confidentiality order, and shall agree to be bound by its terms;

4. To the extent that any Confidential Information contained therein is used in connection with any depositions in this action, the Confidential Information shall remain subject to the provisions of this confidentiality order, along with the related transcript pages pertaining to the Confidential Information. At the time any Confidential Information is used in any deposition, the court reporter will be informed of this confidentiality order, and will be required to proceed in a manner consistent with the terms of the confidentiality order. The reporter shall separately label the confidential portions of the deposition transcript. Portions of depositions taken in <u>Hensel v. Allstate</u>, 3AN-02-7154CI, previously designated as confidential may be used in this action and shall also be subject to the terms of this order;

5. In the event plaintiff disagrees at any time with a designation by Allstate, the parties shall make a good-faith attempt to resolve the dispute on an informal basis. If the parties cannot resolve the dispute, the party desiring to have the document or documents in question excluded from the terms of this confidentiality order may seek appropriate relief from the court and, in connection with any such proceeding, the burden of establishing confidentiality shall be on the party which designated the documents or information as confidential.

6. In the event a party wishes to use any Confidential Information in any pleading or other paper filed with the court, such paper shall be enclosed in a sealed envelope unless otherwise ordered by the court. The sealed envelope shall:

    (a) Show the caption of this action;

    (b) Identify its contents;

    (c) Include the following legend: "CONFIDENTIAL INFORMATION; FILED PURSUANT TO CONFIDENTIALITY ORDER."

7. Unless otherwise ordered by the court, the court clerk shall be directed by counsel for the party submitting pleadings or other papers to maintain under seal any pleading or other paper filed with the court that has been designated, in whole or in part, as containing or revealing Confidential Information. Such direction shall be attached to the sealed envelope and shall state:

> This envelope is not to be opened nor the contents to be revealed except to the court and to counsel in these proceedings, or by order of the court.

8. Promptly upon the conclusion of this action, all Confidential Information, including all production and work copies (but not including copies which were attached as exhibits to pleadings filed with the court in the civil action), shall be returned to counsel for Allstate. Plaintiff, his counsel, expert(s), and any and all other persons retained by plaintiff who have access to any of the information contained in this Confidential Information shall not under any circumstances sell, offer for sale, advertise or publicize the contents of the Confidential Information or the fact that plaintiff has obtained the

Confidential Information.  After the termination of this litigation, the provisions of this stipulation shall continue to be binding, except with respect to those portions of the protected documents or information therein that have become a matter of public record.

9. This order applies only to the discovery process and does not govern the use at trial of exhibits and testimony designated as "confidential."  The use or handling at trial of documents and testimony designated "confidential" will be governed by the court's orders before or during trial.

10. This order shall be binding upon the parties, counsel, experts, consultants, employees, agents, legal representatives, and any other people or organizations over which they have control.

DATED at Anchorage, Alaska this _____ day of _____, 2012.

_____
The Honorable Sharon L. Gleason
United States District Court Judge

I certify that on July 23, 2012,
a copy of the foregoing document
was served electronically on:

Jeffrey J. Barber, Esq.
Gary A. Zipkin, Esq.

By      s/Neil T. O'Donnell